IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           CASE NO. 1:10-cr-00042-MP -GRJ

JOSUE OSTOLAZA,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 27, Defendant's First Motion to Dismiss to which the government responded, Doc. 32. For the reasons below, the motion is denied.

The grand jury returned a six count indictment against the defendant. Count One charges that between on or about February 1, 2003, and on or about May 19, 2007, the defendant conspired with Robert Alexander Krasnow, in violation of Title 18, U.S.C. § 371, to commit two offenses against the United States, namely: (a) a violation of Title 18, U.S.C. § 666(a)(1)(B); and (b) a violation of Title 18, U.S.C. § 666(a)(2). Count Two charges a substantive count of Title 18 U.S.C. § 666(a)(1)(B) for the one year period between on or about January 26, 2006, and on or about January 25, 2007. Counts Three through Six charge violations of Title 18, U.S.C. § 1030, and are not at issue in the instant motion. Defendant moves to dismiss the counts of the indictment alleging violation of 18 U.S.C. § 666 and 18 U.S.C. § 371. Each of these statutes is set out below.

> **§ 666. Theft or bribery concerning programs receiving Federal funds**
>
> (a) Whoever, if the circumstance described in subsection (b) of this section exists—

>    (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—
>
>       (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; or
>
>    (2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more;
>
>  shall be fined under this title, imprisoned not more than 10 years, or both.
>
>  (b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

**§ 371. Conspiracy to commit offense or to defraud United States**

>  If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

Defendant's motion begins with a section entitled "Undisputed Underlying Facts" in which the Defendant appears to argue the facts of the case, which is not appropriate in a motion to dismiss. As the government points out in its response, Doc. 32, these facts are indeed disputed. For the purposes of a motion to dismiss, the Court must consider the allegations in the indictment as true.

Defendant next argues that 18 U.S.C. § 666 does not cover his conduct because the legislative history is supposed to show that Congress was concerned only with the proper distribution of federal funds when it passed the statute. Since Ostolaza's conduct did not involve the distribution of federal funds to Krasnow, he argues, then the statute does not cover his

conduct. This argument has been flatly rejected in a recent opinion from the Eleventh Circuit.

In U.S. v. Townsend, 630 F.3d 1003 (11th Cir. 2011), a probation officer received $5,000 in cash and $280 earrings in return for looking the other way while the releasee she was supposed to be supervising broke curfew, traveled without permission, and did not actually go to the job he was supposed to be at from 8 a.m. to 4 p.m. Thus, in Townsend, the probation officer did not divert any federal funds and the releasee cannot be said to be doing traditional "business" with the government. Nonetheless, the Eleventh Circuit held that 18 U.S.C. § 666 covered the behavior of the probation officer.

First, the Townsend panel, through Judge Carnes, had no trouble finding that an intangible, such as having a police officer look the other way, can be the "thing of value" required under the statute:

> The supervision monitoring component of the Miami-Dade County Corrections Department, where Townsend worked, is in the business of seeing that restrictions on the freedom of pretrial releasees are enforced. The bribes were given in connection with Febles' freedom on pretrial release. The threshold question is whether intangibles, such as freedom and incremental increases in it, may be considered "any thing of value" under 18 U.S.C. § 666(a)(1)(B). The four other courts of appeals that have addressed this issue have all held that intangibles can be things of value for this purpose. See United States v. Hines, 541 F.3d 833, 836-37 (8th Cir.2008) (deputy sheriff's prompt assistance in offering his services for evictions was a thing of value); United States v. Zimmermann, 509 F.3d 920, 926-27 (8th Cir.2007) (city councilman's favorable recommendation to zoning committee was a thing of value); United States v. Fernandes, 272 F.3d 938, 944 (7th Cir.2001) (prosecutor's expungement of convictions constituted a thing of value); United States v. Zwick, 199 F.3d 672, 690 (3d Cir.1999) (township commissioner's vote to approve permits was a thing of value), abrogated on other grounds by Sabri, 541 U.S. at 604-08, 124 S.Ct. at 1945-48; United States v. Marmolejo, 89 F.3d 1185, 1191-93 (5th Cir.1996) (holding that the plain meaning of 18 U.S.C. § 666(a)(1)(B) includes transactions involving intangibles within the term "any thing of value" and collecting cases construing "any thing of value" in other criminal statutes to include intangibles), aff'd on other grounds sub nom. Salinas v. United States, 522 U.S. 52, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997). We agree with them.

Then, the Eleventh Circuit even provided a method for determining whether the value of the "thing of value" involved in a case is meets the $5,000 threshold. The panel stated:

> The Fifth, Seventh, and Eighth Circuits have all agreed that "[w]here the bribe-giver receives an intangible benefit, ... the bribe amount [may be used] as a proxy to stand for the value of the business or transaction." United States v. McNair, 605 F.3d 1152, 1186 n. 38 (11th Cir.2010). In United States v. Marmolejo, 89 F.3d 1185 (5th Cir.1996), a sheriff and deputy sheriff permitted a federal prisoner in their custody to have unauthorized conjugal visits with his wife and similarly "romantic" visits with his girlfriend. Id. at 1191. The Fifth Circuit determined that in deciding the value of intangible benefits for § 666(a)(1)(B) purposes "courts should look to traditional valuation methods," and in particular, "how much a person in the market would be willing to pay" for the intangible. Id. at 1194. That was easily determined because the fact that the bribes exceeded $5,000 established that the market value of the intangibles for which the bribes were given and received also exceeded that amount. See id.
>
> In Fernandes a prosecutor was found guilty of taking bribes in return for expunging the convictions of traffic offenders. United States v. Fernandes, 272 F.3d 938, 944 (7th Cir.2001). The Seventh Circuit found that § 666(a)(1)(B)'s value requirement was met because the total amount of the bribes taken by the prosecutor exceeded $5,000. Id. And in Zimmermann, the Eighth Circuit determined that no additional inquiry was necessary as to one of the counts of conviction because the amount of the bribe under that count was $5,000. United States v. Zimmermann, 509 F.3d 920, 926 (8th Cir.2007).

The Eleventh Circuit in Townsend expressly adopted the approach of the above cases:

> We agree that the market approach is a valid method for determining the value of an intangible obtained through bribery. Under this approach, the value of an intangible in the black market of corruption is set at the monetary value of what a willing bribe-giver gives and what a willing bribe-taker takes in exchange for the intangible. "As we have stated, the conduct and expectations of a defendant can establish whether an intangible objective is a 'thing of value.' " Nilsen, 967 F.2d at 543. It is but a small extension of that principle to recognize that the conduct of the bribed defendant and her briber may establish the value of the intangible thing of value.

Thus, the thing of value alleged to be involved in this case is the intangible benefit to Mr. Krasnow of Deputy Ostolaza looking the other way and improperly intervening on his and his family's behalf. Under Townsend, such an intangible benefit is sufficient to trigger the statute.

Moreover, the value of that intangible should be calculated by looking to the amount that Krasnow was allegedly willing to pay and Ostolaza was allegedly willing to receive to provide that intangible. If the total of the payments meets the $5,000 threshold, the statute is appropriately applied to defendant's behavior.

Also, defendant's argument that 18 U.S.C. § 371 should not apply fares no better. While Defendant discusses the conspiracy statute, 18 U.S.C. § 371, in general terms, the only argument specific to the Defendant that he offers is "The indictment herein outlines no facts that can legally establish a conspiracy under the law of the United States of America." This is simply wrong. The 15-page indictment contains allegations of an agreement to commit an underlying crime and over fifty overt acts in furtherance of that agreement.

Finally, a statute is not unconstitutionally vague if it sufficiently alerts ordinary people as to what is prohibited, and is not applied in an arbitrary of discriminatory way. The Eleventh Circuit stated it this way:

> To satisfy due process concerns, Congress must ensure that a criminal law not only "provide[s] the kind of notice that will enable ordinary people to understand what conduct it prohibits" but also that it does not authorize or "even encourage arbitrary and discriminatory enforcement." City of Chicago v. Morales, 527 U.S. 41, 56, 119 S.Ct. 1849, 1859, 144 L.Ed.2d 67 (1999) (citing Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)).

U.S. v. Di Pietro, 615 F.3d 1369 (11th Cir. 2010). Here, any reasonable person, especially a

former deputy sheriff, would understand that "corruptly" accepting a bribe in return for looking the other way and improperly intervening on a person's behalf is prohibited by 18 U.S.C. § 666.

For these reasons, it is hereby

**ORDERED AND ADJUDGED:**

The motion to dismiss or for a bill of particulars, Doc. 27, is denied in its entirety.

**DONE AND ORDERED** this _1st_ day of March, 2011

                    *s/Maurice M. Paul*
              Maurice M. Paul, Senior District Judge